Submitted August 21, reversed September 24, 2014

Lauren Marie MUMMERT,
*Petitioner-Respondent,*

*v.*

Patrick Michael TANNER,
*Respondent-Appellant.*

Multnomah County Circuit Court
110506910; A149428

335 P3d 1291

Kelly M. Doyle filed the brief for appellant.

No appearance for respondent.

Before Duncan, Presiding Judge, and Wollheim, Judge, and Lagesen, Judge.

PER CURIAM

**PER CURIAM**

In the trial court, petitioner obtained a stalking protective order (SPO) against respondent pursuant to ORS 30.866. Respondent appeals, asserting that petitioner failed to carry her burden of presenting sufficient evidence to prove that the statutory prerequisites for an SPO were met. We agree and reverse.

Under ORS 30.866, a court may issue an SPO against a person if (1) the person "intentionally, knowingly or recklessly engages in repeated and unwanted contact with [another] person or a member of that person's immediate family or household thereby alarming or coercing the other person," (2) the other person's alarm or coercion was objectively reasonable, and (3) the unwanted contacts caused the other person "reasonable apprehension regarding the personal safety of [the other person] or a member of the [other person's] immediate family or household." ORS 30.866(1).

"In the case of an alleged speech-based contact, Article I, section 8, of the Oregon Constitution requires the petitioner to prove that the contact constitutes a threat—that is, 'a communication that instills in the addressee a fear of imminent and serious personal violence from the speaker, is unequivocal, and is objectively likely to be followed by unlawful acts.'" *Langford v. Langford*, 262 Or App 409, 412, 324 P3d 623 (2014) (quoting *State v. Rangel*, 328 Or 294, 303, 977 P2d 379 (1999)). The threat must be "so unambiguous, unequivocal, and specific to the addressee that it convincingly expresses *to the addressee* the intention that it will be carried out * * * and that the actor has the ability to do so." *Rangel*, 328 Or at 306 (emphasis in original). Threats do not include "'the kind of hyperbole, rhetorical excesses, and impotent expressions of anger or frustration that in some contexts can be privileged even if they alarm the addressee.'" *Id.* at 303 (quoting *State v. Moyle*, 299 Or 691, 705, 705 P2d 740 (1985)).

A detailed discussion of the facts of this case would not benefit the bench, bar, or public. Suffice it to say that petitioner and respondent are neighbors and, at the hearing on her SPO petition, petitioner presented evidence of

statements respondent made, and actions he took, on and after the day she had a tree house built on her property. All but one of respondent's actions involved speech, and none of the speech constituted threats of the kind required under *Rangel*. Therefore, the record contains, at most, one qualifying contact. Because two or more qualifying contacts are required, the trial court erred in entering the SPO against respondent.

Reversed.